**PRIORITY SEND**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 11-00217 VAP (OPx)                             Date: March 9, 2011

Title:   CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE -v- ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
==================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS; AND (2) REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

    Before the Court is a Motion to Dismiss ("Motion") filed by Defendant Ziehm Imaging, Inc. ("Defendant"). The Court finds the matter appropriate for resolution without a hearing. <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers in support of, and opposition to, the Motion, the Court DENIES Defendant's Motion, and REMANDS the Action to the California Superior Court for the County of Riverside.

EDCV 11-00217 VAP (OPx)
CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE v. ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of March 9, 2011

# I. BACKGROUND

## A. Plaintiffs' Allegations

Plaintiffs Christopher and Justin Ledwidge ("Plaintiffs") are third-party beneficiaries of the decedent, David Ledwidge ("David"). (Not. of Removal, Ex. A ("Compl.") ¶¶ 1, 7.) Starting on an unspecified date, and continuing for over twenty years, Defendant employed David as a sales representative. (Compl. ¶ 5.) During David's employment with Defendant, Defendant provided David with a life insurance policy ("Policy") with Lincoln National Life Insurance Company ("Lincoln") that would provide David's beneficiaries with a $100,000.00 death benefit and a $100,000.00 accidental death benefit. (Compl. ¶ 6.) Plaintiffs are the named beneficiaries under the policy. (Compl. ¶ 7.)

On an unspecified date, Defendant offered David an early retirement severance plan, which provided inter alia, life insurance benefit payments "would be paid through December 31, 2009, should David need and/or want to retire at the advice of his treating physician." (Compl. ¶ 8.) David accepted Defendant's offer, and entered into an agreement whereby David voluntarily ended his employment with Defendant, and Defendant would, in return, agree to pay for David's life insurance policy for one year, from January 1, 2009, through December 31, 2009 ("the One Year Period"). (Compl. ¶¶ 8, 9.) On October 29, 2009, within the One Year Period, David died after an accidental fall. (Compl. ¶¶ 10, 11.)

The Policy contained an express provision that terminated coverage in the event David ceased to be a full time employee of Defendant, or if David's employment with Defendant terminated. (Compl. ¶ 13; Doc. No. 12 (Decl. of Frank Garcia in Support of Mot. ("Garcia Decl.")), Ex. A ("Policy") at 8.)[1] Plaintiffs assert,

---

[1] Although not attached to Plaintiffs' Complaint, the Court may nevertheless consider the Policy where, as here, "the plaintiff[s] refer[] extensively to the document, or the document forms the basis of the plaintiff[s'] claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted); see also Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir. 1998) (holding a court may incorporate a qualifying ERISA plan when a plaintiff's claim about insurance coverage is based on
(continued...)

EDCV 11-00217 VAP (OPx)
CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE v. ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of March 9, 2011

on information and belief, that although Defendant paid the Policy's premiums during the One Year Period, Defendant did not notify Lincoln that David was no longer a full-time employee with Defendant or that he had retired early. (Compl ¶ 14.)

After David's death, Plaintiffs sought to obtain the Policy benefits. (Compl. ¶ 16.) Lincoln denied coverage under the Policy, asserting that when David retired on December 31, 2008, he was no longer a full-time employee of Defendants and his employment with Defendants was terminated. (Compl. ¶ 16.) After Lincoln denied coverage under the Policy, Plaintiffs demanded Defendants pay the benefits, Defendants refused to do so.

**B.    Procedural History**

On October 29, 2010, Plaintiffs filed their Complaint in the California Superior Court for the County of Riverside against Defendant, alleging two claims for relief: (1) breach of contract; and (2) negligence. (Compl. ¶¶ 19-31.) Plaintiffs' first claim, breach of contract, also alleges that Defendant breached the implied covenant of good faith and fair dealing by failing to notify Lincoln of David's early retirement, notifying David that his retirement would terminate coverage under the Policy, or take action to provide David with similar benefits as those under the Policy. (Compl. ¶ 23.) Thus, it appears that although Plaintiffs state expressly only a breach of contract claim, Plaintiffs' claim contains two separate claims: (1) breach of the express contract; and (2) breach of the implied covenant of good faith and fair dealing.

Plaintiffs did not serve their Complaint on Defendant until January 4, 2010. (Not. of Removal ¶ 2.) On February 3, 2011, Defendant timely removed the action from the Superior Court to this Court on the basis of federal question jurisdiction, contending the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. preempts Plaintiffs claims. (Not. of Removal ¶ 3.)

---

<sup>1</sup>(...continued)
the contents of the plan) superceded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006).

EDCV 11-00217 VAP (OPx)
CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE v. ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of March 9, 2011

On February 10, 2011, Defendant filed the instant Motion. (Doc. No. 11.) Plaintiffs filed their Opposition on February 18, 2011; and Defendant filed its Reply on February 28, 2011. (Doc. Nos. 14, 15.)

## II. LEGAL STANDARD

Rule 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In addition, the Court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

In other words, the allegations must be plausible on the face of the complaint. See Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citations and internal quotations omitted).

EDCV 11-00217 VAP (OPx)
CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE v. ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of March 9, 2011

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). A court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

### III. DISCUSSION

Defendant urges the Court to dismiss Plaintiffs' Complaint, because it alleges state law claims that are preempted by ERISA. The Ninth Circuit has affirmed the dismissal of state law claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where those claims are preempted by ERISA and the plaintiff declines an opportunity to amend to state ERISA claims. Cleghorn v. Blue Shield of California, 408 F.3d 1222, 1224-25, 1227 (9th Cir. 2005).

"[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." Potter v. Hughes, 546 F.3d 1051, 1061 (9th Cir. 2008). "[E]ngaging subject-matter jurisdiction at the outset of a case is often the most efficient way of going," and in removal actions "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999) (internal quotation marks and citation omitted). The Court therefore addresses whether Plaintiffs' claims are preempted under ERISA before determining whether Plaintiffs pled claims sufficiently under Rule 12(b)(6).

### A. ERISA Preemption

Defendant contends Plaintiff's state law claims are preempted under ERISA. As set forth below, the Court finds that Plaintiff's claims are not preempted.

Defendant's Notice of Removal asserts federal subject matter jurisdiction under 28 U.S.C. § 1331, which provides for original jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States." (Not. of Removal ¶

EDCV 11-00217 VAP (OPx)
CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE v. ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of March 9, 2011

3.)  Under the "well-pleaded complaint" rule, a claim "arises" under federal law "only when the plaintiff's well-pleaded complaint raises issues of federal law." Met. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing cases); see also Taylor v. Anderson, 234 U.S. 74, 75-76 (1914) (federal subject matter jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.").  Federal preemption is usually a defense to the state law claims brought in a complaint, which "does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." Met. Life, 481 U.S. at 63 (citing Gully v. First Nat. Bank, 299 U.S. 109 (1936)).

"There is an exception, however, to the well-pleaded complaint rule. '[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (citing Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003)). The Supreme Court has held ERISA can have such a preemptive effect. Id. at 207-208; Met. Life, 481 U.S. at 66-67.  Here, Defendant contends that removal is proper, as "ERISA completely preempts Plaintiffs' [claims]."  (Not. of Removal ¶ 3.)

For complete preemption under ERISA to apply, such that state law claims may be removed properly to federal court, the claims must "'relate[] to' an ERISA plan within the meaning of [29 U.S.C.] § 1144(a) and fall[] within the scope of ERISA's civil enforcement found in § 1132(a) . . . ." Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998) (emphasis in original) (explaining that when both conditions are met, state law claims are "completely preempted by ERISA and converted to federal questions") (citing Met. Life, 481 U.S. at 66.).  If both conditions are not met, however, the federal court does not have subject matter jurisdiction and remand is appropriate.  Id.

The Ninth Circuit has held that "before a court wades into [§ 1144(a)'s] 'veritable Sargasso Sea of obfuscation,' [the court] must first resolve the simpler question of whether a party may assert a claim under ERISA." Miller v. Rite Aid Corp., 504 F.3d 1102, 1105 (9th Cir. 2007) (citing Toumajian, 135 F.3d at 653 n. 3.).

EDCV 11-00217 VAP (OPx)
CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE v. ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of March 9, 2011

Under 29, U.S.C. § 1132(a), "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due . . . under the terms of [the] plan."  "ERISA does not preempt the claims of parties who do not have the right to sue under ERISA because they are neither participants in nor beneficiaries of an ERISA plan."  Miller, 504 F.3d at 1106.  Thus, Plaintiffs' claims here are preempted only if cognizable under § 1132(a).

> Under § 1132(a), Plaintiffs may bring a civil suit under ERISA only if [David] was a 'participant' in an ERISA plan at the relevant time. . . . The Supreme Court has interpreted [ERISA's participant definition provision] to mean that a party is a 'participant' if he is an employee in, or reasonably expected to be in, currently covered employment, or if he is a former employee who has a reasonable expectation of returning to covered employment, or a 'colorable claim' to vested benefits.

Id. (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989)).  In 2008, the Supreme Court clarified that a plan "'participant,' as defined by . . . ERISA, 29 U.S.C. § 1002(7), may include a former employee with a colorable claim for benefits;" vested benefits are not required.  LaRue v. DeWolff, Boberg & Assoc., 552 U.S. 248, 256 n.6 (2008); see also Poore v. Simpson Paper Co., 566 F.3d 922, 925-26 (9th Cir. 2009).

Where the employee is deceased, determination of whether a party was a participant or beneficiary is determined at the time of the employee's death, which is also "the applicable time for determining whether the decedent had a colorable claim to benefits."  Miller, 504 F.3d at 1107.  Thus, to determine whether ERISA preempts completely Plaintiffs' claims, the Court must determine whether David had a colorable claim for benefits at the time he died.  Id.; LaRue, 552 U.S. at 256 n. 6

Here, David did not have a colorable claim for benefits at the time he died, and thus was not a "participant" under ERISA's participant definition provision, 29 U.S.C. § 1002(7).  Under the terms of the Policy,

EDCV 11-00217 VAP (OPx)
CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE v. ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of March 9, 2011

> An Insured Person's coverage will terminate on the earliest of:
>
> . . .
>
>> (4) the date the Insured Person ceases to be in a class of employees which is eligible for coverage under this Policy; [or]
>
> . . .
>
>> (6) the date on which the Insured Person's employment with the Group Policyholder or Participating Employer terminates . . . .

(Policy at 8.) The Policy defines Defendant as the "Participating Employer," and the eligible classes of employees as either: (1) full-time employees excluding senior management, or (2) all full-time senior management. (Policy at 3, 6.) Thus, when David voluntarily resigned his employment with Defendant on December 31, 2008, his coverage was terminated under the Policy because his employment with the Participating Employer (i.e., Defendant) ended and because he was no longer a full-time employee. Accordingly, when David died on October 29, 2009, he and his beneficiaries did not have a "colorable claim for benefits," because David's coverage under the Policy terminated on December 31, 2008. Miller, 504 F.3d at 1107.

Defendant nevertheless contends that Plaintiffs had a colorable claim for benefits under the Policy's coverage-continuation provisions. (Reply at 3.)[2] Defendant's argument lacks merit.

The Policy provides continued coverage for an Insured Person for up to twelve months "[i]f the Insured Person is disabled due to illness or injury." (Policy at 8.) Defendants rely on paragraph 8 of the Complaint in support of their contention that this exception applies because David "expressly took early retirement upon the advice of his physician." (Reply at 3.) In their Complaint, paragraph 8, Plaintiffs

---

[2] Defendant raises this argument for the first time in its Reply. The Court need not consider arguments raised in the first instance in a Reply, but nevertheless exercises its discretion to do so here. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); United States v. Anderson, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in a . . . reply brief are generally deemed waived.").

EDCV 11-00217 VAP (OPx)
CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE v. ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of March 9, 2011

allege that Defendant would provide all Policy payments through "December 31, 2009, should David need and/or want to retire at the advice of his treating physician." (Compl. ¶ 8.) There is, however, no allegation that David was disabled, or that such disability was the result of illness or injury. Accordingly, the coverage-continuation provisions do not apply and, thus, Plaintiffs do not have a colorable claim under the Policy.

As the Policy terminated David's coverage on December 31, 2008, David did not have a colorable claim to benefits under the Policy, and accordingly, Plaintiffs do not have a colorable claim as beneficiaries under the Policy. Miller 504 F.3d at 1108 ("Similarly, [the employee's] children cannot bring suit as 'beneficiaries' of an ERISA plan, because [the employee] was not a participant in any plan.") Hence, Plaintiffs' claims do not arise under 29 U.S.C. § 1132(a) as Plaintiffs are not "participants or beneficiaries" seeking "to recover benefits due . . . under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); LaRue, 552 U.S. 248, 256 n.6 (2008); Miller 504 F.3d at 1107.

**B.    Remand**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Defendants removed the action to this Court on the basis of federal subject matter jurisdiction, 28 U.S.C. § 1331. (Not. of Removal ¶ 3.) As Plaintiffs' claims do not "fall[] within the scope of ERISA's civil enforcement [provision] found in § 1132(a)," however, the claims are not preempted completely under ERISA. Toumajian, 135 F.3d at 654; see also Aetna Health, 542 U.S. at 209 (holding that claims "within the scope of [§ 1132] are removable to federal court." (citing Met. Life, 481 U.S. at 66.) Accordingly, as Plaintiffs' claims are not preempted completely under ERISA, the Court does not have subject matter jurisdiction over the claims. See Toumajian, 135 F.3d at 654 (even where claims are "related to" an ERISA plan,

EDCV 11-00217 VAP (OPx)
CHRISTOPHER LEDWIDGE; JUSTIN LEDWIDGE v. ZIEHM IMAGING, INC. AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of March 9, 2011

"the complaint is not removable to the federal court unless it is also encompassed within [§ 1132]." (citing Met. Life, 481 U.S. at 64.). Defendant has not alleged an alternative basis for jurisdiction; accordingly, the Court lacks jurisdiction and therefore REMANDS the action to the Superior Court.

## IV. CONCLUSION

As the Court lacks subject matter jurisdiction over the action, the Court REMANDS the action to California Superior Court for the County of Riverside, and does not reach the merits of Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**